WILLIAM EAMES *vs.* WORCESTER & NASHUA RAILROAD COMPANY.

In a conveyance to a railroad corporation of a strip of land for its location, across which exists an open and unobstructed path, with practically defined limits, appropriated to known use as a passageway, a reservation in the deed of "a right of way for carts, teams and cattle, within the location aforesaid, where the said way now exists, the same to be made and kept by the grantees in a convenient state of use for the purposes aforesaid," implies that the corporation is to keep the way open, and unobstructed by gates, bars or other barriers ; and no obligation to erect and maintain such barriers across it is necessarily implied by the St. of 1846, *c.* 271, (Gen. Sts. *c.* 63, § 43,) by reason of its being a private way.

TORT for the killing of a cow on the defendants' railroad in Worcester, by their locomotive engine. Trial in the superior court, before *Devens,* J., who reported this case :

" The plaintiff was a farmer, owning a farm in Worcester, traversed by the defendants' railroad track. He had owned this farm since 1843. The defendants' road was constructed in 1848. It traversed the plaintiff's farm, for a distance of about seventy rods, between his buildings and the highway from Worcester to West Boylston. The plaintiff quitclaimed to the defendants so much of his land as was included in the location of their road, for the compensation awarded him by the commissioners.

" Before the construction of the railroad, and ever since, a way existed and was constantly used by the plaintiff, between his house and said highway ; and in his deed to the defendants the plaintiff reserved a right of way where said way crossed their location, in the following words : ' Reserving to myself, my heirs and assigns, a right of way for carts, teams and cattle, within the location aforesaid, where the said way now exists, the same to be made and kept by the grantees in a convenient state of use for the purposes aforesaid.'

" The defendants constructed cattle guards across their track on both sides of the way, but never erected any gate, bars or other barrier across the way, and the plaintiff never requested them to do so, and the way always remained open after the construction of the railroad, the same as before.

" The plaintiff was raiser and owner of a great number of cattle; and testified that he had been subjected to great inconvenience in driving them back and forth across the railroad by this way. In September 1868, a heifer belonging to him escaped from his pasture, beyond and not adjoining the railroad, and while he was attempting to drive it back escaped from his control, ran along the highway into his way aforesaid, and upon the defendants' track at the crossing, and was there killed by a passing locomotive; and this action was brought to recover its value. There was no evidence that the plaintiff was not in the exercise of due care, and none that the defendants were negligent in the management of their locomotive.

" The judge ruled that on the evidence the plaintiff could not maintain his action, directed a verdict for the defendants, and reports the case for the revision of the supreme judicial court, the verdict to stand or be set aside as that court may direct."

*W. W. Rice*, for the plaintiff. The plaintiff relies upon the St. of 1846, *c.* 271, (Gen. Sts. *c.* 63, § 43,) which provides that the railroad corporation " shall erect and maintain suitable fences, with convenient bars, gates or openings therein, at such places as may reasonably be required, upon both sides of the entire length of any railroad " constructed since May 16, 1846, " except at the crossings of a turnpike, highway or other way, or in places where a convenient use of the road would be thereby obstructed; and shall also construct and maintain sufficient barriers at such places as may be necessary, and where it is practicable so to do, to prevent the entrance of cattle upon the road."

The statute imposes upon railroad corporations the obligation of preventing the entrance of cattle upon their roads wherever it is necessary and practicable so to do. The word " way," in the statute, to which this obligation does not extend, does not mean a private way. The way reserved by this plaintiff is merely a pri

vate way, and should be protected by the railroad corporation in the same manner as other private ways and farm crossings, which it is its duty to provide with gates, bars or other sufficient barriers.

The reservation in the plaintiff's deed provides that the way reserved shall be kept by the defendants in a convenient state of use for the purposes of the way. This would authorize them to maintain a gate or bars; and having failed to do so, they are liable for the damage resulting from the failure. *Indiana Central Railroad Co.* v. *Leamon,* 18 Ind. 173.

*F. P. Goulding,* for the defendants.

COLT, J. The plaintiff puts his right to recover on the ground that there existed a legal obligation upon the defendants to erect and maintain convenient gates, bars or other barriers, across the open way between his house and the highway, where it crossed the railroad. There was no evidence that the plaintiff was not in the exercise of due care, and none that the defendants were negligent in any other respect.

The defendants acquired their title to the location over the plaintiff's land by deed reserving the way in question. · We do not find anything in the terms of the reservation, which imposes upon the corporation the duty alleged. It is to be construed by the condition of things at the time the deed was made. And although, strictly speaking, the way across the land conveyed was then first created by the reservation, (because a man cannot have an easement on his own land,) yet it is to be considered that the travelled path existed. long before, had practically defined limits, and was appropriated to a known use as a passageway. In common acceptation, it was an open and unobstructed way, and is referred to in the reservation itself as a way then existing. In the absence of express stipulation, the parties must be deemed to have intended to preserve and continue a way for the plaintiff's use, as it then was, open and unobstructed; and this has been the construction put upon its terms, apparently, by the acquiescence of the parties, from the time the railroad was built.

Nor is there anything in the St. of 1846, *c.* 271, reënacted in the Gen. Sts. *c.* 63, § 43, which requires the closing of this way

by gates and bars, contrary to the agreement and intention of the parties. By the statute, fences are to be erected on both sides of the entire length of · the railroad, but with convenient bars, gates and openings at such places as may reasonably be required, and except at the crossings of a turnpike, highway or other way. The road is not to be wholly inclosed by fences and gates ; but, as is provided subsequently in the same statute, sufficient barriers are to be constructed and maintained at such places as may be necessary, that is, where there are no fences and where it is practicable, to prevent the entrance of cattle upon the road. In other words, where openings are reasonably required, and at highway and certainly some descriptions of private crossings, especially those which are more important than mere farm crossings, the railroad is to be protected by cattle guards or culverts, built across or under the track, and which, while they do not obstruct it, will serve as barriers to prevent the entrance of cattle.

The case finds that the defendants had constructed such cattle guards across their track, on both sides of the way in question; and there is nothing to show that they had not complied in this instance with the reasonable requirements of the statute.

*Judgment on the verdict.*