## COMMONWEALTH *vs.* FELIX F. PETITCLER.

A road opened before the St. of 1846, *c.* 203, § 1, may have become a highway by dedi-
cation or prescription, although it was opened by a tavern-keeper over his land for the
accommodation of the tavern, and although both its termini are within the same town.

An order of county commissioners dismissing a petition for the discontinuance of a road
as a highway, on the ground that it is not a highway, is no evidence that it is not.

INDICTMENT for a nuisance by obstructing a highway in
Cheshire. At the trial, at July term 1872 of the Superior
Court, before *Rockwell*, J., the following facts appeared :

" Moses Wolcott opened the road in question across his own
land, prior to the St. of 1846, *c.* 203, § 1," which provides that no
way thereafter opened or dedicated to the public use shall become
chargeable upon any town unless laid out by the town as pre-
scribed by law ; " it conducts the travel from one public road to
another nearer the tavern to which this road led, of which tavern
Wolcott was the owner and keeper in Cheshire ; and the road
was opened for the use, benefit and advantage of the tavern busi-
ness and stand, and was so used and enjoyed till within the last
four or five years when the tavern was closed.

" The town of Cheshire have worked and repaired the road at
times during the past twenty years, and the road has been used
by any persons who chose to travel it, without objection from the
owner of the land, although in so using it many of them did not
stop at or have any business at the tavern or with its proprietor.
In 1869 the road was legally discontinued if it was a town road.
The tavern property, land and road are now, by purchase from
the heirs of Wolcott, the property of the defendant, who, after
the discontinuance of the road by the town, converted the tavern
property into his private residence, and erected a fence at the
ends of this discontinued road obstructing any passage over it."

The defendant, " in addition to the foregoing facts proved by
the Commonwealth," offered in evidence the record of proceedings
had by the county commissioners since the finding of the indict-
ment, by which it appeared that the commissioners had dismissed
a petition for the discontinuance of the road " for the reason that

said road was not and is not a county road," but the judge refused to admit it.

The defendant requested the judge to rule that on these facts he was entitled to an acquittal, but the judge declined so to rule ; whereupon, by consent of the defendant, the jury returned a verdict of guilty, and the judge, at the request of the defendant, reported the case for the determination of this court.

*T. P. Pingree*, (*J. M. Barker* with him,) for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

WELLS, J. The verdict establishes every fact necessary to its support, which it would be competent for the jury to find. The case, as stated in the report, shows that there was evidence which would warrant a jury in finding that a way for the public had been acquired by dedication or prescription.

The defendant contends that the fact that the way was opened over his own land by the owner, for the accommodation of his tavern, fixes its character as a private way. But a road to a tavern, as well as the tavern itself, is not for private convenience only, but also for the public accommodation ; and the jury would have been warranted in finding such a road to have been opened and intended for the public use.

He also contends that the facts that both termini of the way were within the same town, and that the town had treated it as such by attempting to discontinue, were evidence that it was a town way, rather than a highway, and so legally discontinued.

Assuming that a town way, as well as a highway, may be established by dedication or prescription, yet the facts relied on, if evidence of a town way, are not conclusive. Indeed the fact that both termini were within the same town is overbalanced by the facts that it formed a connection between two highways, and that the only special purpose shown, for which it was intended, was to conduct the public travel from those highways to a public house. But the decisive answer to this defence is, that it was competent for the jury to find it to be a highway, and therefore the verdict must be so taken.

The record of the county commissioners was not competent to prove the non-existence of a public highway, and was properly

excluded. Their decision upon the question of common con-venience and necessity is an adjudication; and, as such, is conclu-sive upon every one. But the question whether there is or is not an existing highway, although involved in their decision inci-dentally and as a preliminary fact, is no part of that adjudica-tion. If they refuse to locate a highway on the ground that a highway already exists, or to discontinue on the ground that there is no highway, the fact being otherwise, they may be required, by *mandamus*, to proceed and adjudicate the question of common convenience and necessity. This illustrates the distinction. One of the questions is within their peculiar jurisdiction, and upon that their decision has the force of a judgment; the other is not.

*Judgment on the verdict.*