*D. E. Ware*, for J. W. Sprague.
*C. Robinson, Jr.*, for J. S. Stearns.

FITCHBURG RAILROAD COMPANY *vs.* ALFRED PAGE & others.

Middlesex.   March 17. — Sept. 7, 1881.   LORD, DEVENS & ALLEN, JJ., absent.

Where a railroad crossing, in connection with the street which it crosses, has been used by the public as a highway for more than twenty years, the street, during that period, having been kept in repair by the town, and the crossing, during the same period, having been planked and kept in repair by the railroad corporation, it is a question for the jury, upon all the evidence, whether such use was adverse and under a claim of right, or merely permissive.

BILL IN EQUITY, filed June 1, 1880, for an injunction to restrain the defendants from taking down certain fences erected by the plaintiff on each side of its tracks in the town of Ayer, on December 6, 1879. The answer alleged that the fences were erected across a public way in said town, called Forrest Street, which the public had the right to use, and were an obstruction thereto and a nuisance. The following issue of fact was framed for a jury: "Whether Forrest Street, running from Main Street and extending southerly across the Fitchburg Railroad at grade to Tannery Street, in said town .of Ayer, was, on December 6, 1879, a public highway or town way."

. At the trial of this issue before *Ames*, J., it appeared that the Fitchburg Railroad was built in 1844 and 1845, and that it had bought, at this time, of one William L. Nutting, the land upon which the track, at the place in dispute, was located, by a deed of warranty; that Nutting owned quite a large tract of land on the south side of the railroad and adjoining the tract so conveyed by him, which was farm land, unoccupied by any buildings at

that time. There was evidence tending to show that from the time of his conveyance to the railroad, and from the time the Fitchburg Railroad Company laid its tracks, the railroad company had laid planking across its tracks, and that Nutting had used the place planked for a cartway to his farm adjoining. It did not appear that any bargain was made between the railroad company and Nutting in regard to laying said planking, and there was no written evidence about it. About 1847 or 1848 the Worcester and Nashua Railroad was laid through Ayer, and crossed the Fitchburg Railroad track a few hundred feet west of the crossing in dispute; and in 1849 the Worcester and Nashua Railroad Company erected a freight depot on the south side of the Fitchburg Railroad track and west of the crossing in dispute. The Fitchburg Railroad Company had a small freight depot on the north side of its track before this time, but after the erection of the freight depot by the Worcester and Nashua Railroad, the customers of the Fitchburg Railroad Company were in the habit of carrying most of their freight for Boston to the freight-house of the Worcester and Nashua Railroad Company, from which it was taken on board the freight cars of the Fitchburg Railroad Company and carried to Boston. The customers of the Fitchburg Railroad Company in carrying their freight to said freight-house were obliged to cross the track of the Fitchburg Railroad at the crossing, and had no other method of getting to the freight-house until the year 1857, when a way, called Foundry Street, was laid out on the south side of the Fitchburg Railroad, and east of Forrest Street and opening upon it, by which customers who were south of the Fitchburg Railroad could go to the freight-house of the Worcester and Nashua Railroad without crossing the Fitchburg Railroad at the crossing in question.

It appeared that, some time prior to 1853, Nutting had sold his land south of the Fitchburg Railroad to one Faulkner, then and until 1867 a director of the Fitchburg Railroad Company, and that the land was divided into building lots and a plan thereof made by one Stearns, then a surveyor and engineer, and afterwards president of the Fitchburg Railroad Company, and upon this plan Forrest Street was laid out south and to within about one hundred feet of said crossing. The defendants offered

to put this plan in evidence, but the plaintiff objected to its admission, and the judge ruled it to be inadmissible.

It was proved that Nutting conveyed to the Worcester and Nashua Railroad Company, in 1848, a tract of land containing said hundred feet by deed providing that said railroad should plank its road across it; that, beginning in 1852, buildings were quite rapidly erected on Forrest Street, — a large number of private houses, a tannery, a foundry, and the only public house in Ayer, — and that there was no way for the people who lived in these houses, or worked in the manufactories, or resorted to the public house or to the other places for business, to get to them except by the planked crossing until the year 1857. The Worcester and Nashua Railroad Company, however, did not lay out any track over said hundred feet, but ran its track into the Fitchburg track, west of the disputed crossing.

No record of the laying out of this way could be found in the records of the town of Ayer or of the county commissioners, and there was evidence that there was no loss of or hiatus in the records of the town or commissioners.

It was admitted by the plaintiff that Forrest Street had been travelled by the public for more than twenty-five years, and that during that time the surveyors of Ayer had kept in repair said way from Main Street, north of the railroad and its location, and south of its location through its length of several hundred feet, and that the Fitchburg Railroad Company had planked said crossing. No signpost or sign, such as was required by the statute at the crossing of a railroad by a public way at grade, had ever been placed at this crossing, but at the Main Street crossing, between one and two hundred feet east, such signpost and sign had been constantly maintained. No mode of passing with horses or carriages from one side of the railroad station to the other was shown, except the crossing in question.

Upon this state of facts the defendants asked the judge to rule as follows: " 1. It being admitted that Forrest Street has been used as a public way and repaired by the town for more than twenty years, it is presumed that whatever was necessary to be done to make it a public way was rightly done by the proper authorities. 2. It being admitted that it was kept in

repair by the town up to the crossing, and planked by the railroad between the rails, for more than twenty years, as the law requires railroads to keep the track at crossings, the law presumes that whatever was necessary to be done by county commissioners as to such crossings was done. 3. If the servants and officers of the Fitchburg Railroad Company knew or had reason to believe that the public was travelling over the crossing under a claim of right, and the town of Ayer was repairing the way on each side of the crossing and up to it for twenty years, and the railroad or its servants and agents gave the public no notice of any kind that they did not travel over it rightfully, then the jury would have the right to infer that such user by the public was an adverse user of the crossing, although at the same time the crossing was used by persons for the purpose of carrying freight to the depot."

The judge declined so to rule, but instructed the jury, with other appropriate instructions, that if the planks were laid for the convenience and use of the railroad corporation itself and of the persons employed or having dealings with that corporation, and were so used, the fact that the public travelled there through the place without asking leave or obtaining permission would not be considered a use of the road which would give the public any title to it at the expiration of a suitable time or number of years, whether it were twenty years, fifty years or a hundred years; also, that to acquire a way by prescription the use must be adverse as well as continuous for twenty years, and that if the railroad company needed and constructed the crossing for its own uses and those of its customers, the fact that the public also used it, although without asking leave, and travelled over it, if such use did not interfere with the railroad use, would not be an adverse use by which a right by prescription would be acquired.

The jury found that Forrest Street was not, on December 6, 1879, a public highway or town way; and the judge reported the case for the consideration of the full court; judgment to be entered in favor of the plaintiff, if the rulings and refusals to rule were correct; otherwise, the case to stand for a new trial.

*T. H. Sweetser & F. A. Worcester*, for the defendants.

*E. R. Hoar & W. S. Stearns*, for the plaintiff.

ÉNDICOTT, J. It appears from the report that Forrest Street had been travelled by the public for more than twenty-five years, through its entire length from Main Street to Tannery Street, and that during that time the portions of the street north and south of the plaintiff's railroad had been kept in repair by the town; and that the plaintiff had, during that period, planked and kept the crossing itself in repair. It also appears that "no mode of passing with horses or carriages from one side of the railroad station to the other was shown except the crossing in question." No record of the laying out of any portion of Forrest Street was put in evidence, nor of any authority from the county commissioners to lay it out over this crossing. See Gen. Sts. *c.* 63, § 59.

It is well settled in this Commonwealth, that a way by prescription may be established, by evidence of user by the public, adverse and continuous, for a period of twenty years or more; from which use arises a presumption of a reservation or grant, and an acceptance thereof, or that it had been laid out by the proper authorities, of which no record exists. *Commonwealth* v. *Coupe*, 128 Mass. 63, and cases cited. It was said by Chief Justice Shaw in *Jennings* v. *Tisbury*, 5 Gray, 73,.74: " To establish such a way, where there is no proof of dedication, and where the element of dedication does not subsist, it will be necessary to prove actual public use, general, uninterrupted, continued for a certain length of time. In general, it must be such as to warrant a presumption of laying out, dedication or appropriation, by parties having authority so to lay out, or a right so to appropriate, like that of prescription or non-appearing grant in case of individuals. It stands upon the same legal grounds, a presumption that whatever was necessary to give the act legal effect and operation was rightly done, though no other evidence of it can now be produced except the actual enjoyment of the benefits conferred by it." No question is made by the plaintiff that, by the public use for more than twenty years, those portions of Forrest Street north and south of the crossing had become a public highway. It is contended, however, that the use of the crossing for the same period could not make it a legal public highway, because that could be accomplished only by the authority of the county commissioners. But such a use, in the

absence of any express prohibition, warrants the presumption of a laying out over the crossing, having the authority and sanction of the county commissioners; or, as is stated in the passage above quoted, "a presumption that whatever was necessary to give the act legal effect and operation was rightly done."

We are of opinion that the third instruction requested by the defendants should have been given. It was a question for the jury to determine, upon all the evidence, whether the use by the public of the crossing was adverse and under a claim of right, or whether it was permissive and allowed by the plaintiff corporation. The presiding judge in substance instructed the jury, that if the plaintiff constructed the crossing for its own uses, and those of its customers, the fact that the public also used it under a claim of right, would not be such an adverse use as would make it a way by prescription, although it might be continued for more than twenty years. It was held in *Commonwealth* v. *Petitcler*, 110 Mass. 62, that a road may become a highway by prescription, although opened by a tavern-keeper over his own land, for the accommodation of the tavern; and it was said by Mr. Justice Wells, in delivering judgment, that "a road to a tavern, as well as the tavern itself, is not for private convenience only, but also for the public accommodation." This language applies with greater force to a railroad station. The fact that a way is laid out to a railroad station, and is used by the corporation and those having occasion to go to it, does not prevent its becoming a way by prescription, if used by the public adversely to the corporation for more than twenty years; especially where it is used as a thoroughfare during that period, and not merely as an approach to the station.

This case is to be distinguished from the case of *Durgin* v. *Lowell*, 3 Allen, 398. In that case, the way was private property, laid out and kept in repair by a private corporation for its own separate use, though open to travel by the public. It was held that it did not become a way by dedication, there being no intent to dedicate, and that the use by the public must, under those circumstances, be regarded as permissive. And the use being thus regarded as permissive, and not as adverse, there could be no way acquired by prescription.

*Case to stand for trial.*