WALTER H. FISHER *vs.* NEW YORK & NEW ENGLAND RAILROAD COMPANY.

Suffolk. Feb. 1. — May 4, 1883. FIELD & W. ALLEN, JJ., absent.

The St. of 1861, *c.* 100, does not prevent the owner of land adjoining a railroad from acquiring a right to a private way across the railroad by twenty years' use thereof.

If a railroad is laid out through a man's land, and he afterwards gives a deed of the location to the railroad company, and acquires a right of way across the location by adverse possession for more than twenty years, he may maintain an action of tort for the obstruction of the way by the railroad corporation; and the St. of 1874, *c.* 372, § 105, does not apply.

TORT, for obstructing a right of way. Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff offered to prove that, in the year 1848, the Norfolk County Railroad, whose successor the defendant is, located its road-bed over lands of the plaintiff; that, in 1849, he conveyed the lands over which the location ran to said railroad

corporation; that, in consideration thereof, the railroad corporation paid him a certain sum of money, and agreed to bridge over a private roadway, which crossed the location, and which connected the plaintiff's remaining land on each side of the location, and to give him and whoever might become the owner of the land a right of way forever under the bridge; that he then entered upon the actual use of the roadway, and had used the same as of his own right, uninterruptedly, for nearly thirty-two years; and that the defendant and its predecessors had maintained the bridge from the time of its building until 1881, when the defendant, for the purpose of making a double track upon its road, filled up the space under the bridge.

The defendant asked the judge to rule that these facts, if proved, would not entitle the plaintiff to maintain his action. The judge so ruled; the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. L. Newton*, for the plaintiff.

*W. C. Loring*, (*A. E. Pillsbury* with him,) for the defendant.

C. ALLEN, J.    The principal question in this case is, whether the St. of 1861, *c.* 100,* has the effect to prevent the owner of land adjoining a railroad from acquiring a right to a private way across the railroad by twenty years' use thereof. It is conceded that there is nothing in the statute to prevent the public, or persons owning land not abutting on the railroad, from so acquiring a right of way across it; and that, prior to the enactment of the statute, such easement might also be acquired by a person in the position of the plaintiff. But an ingenious and elaborate argument has been addressed to us, that, where an easement is not sought to be established by immemorial usage,

---

* This statute is as follows : "If the owner or occupant of any land adjoining any railroad in this Commonwealth has taken or shall take into his inclosure any part of the land belonging to said railroad, as located and established, or has erected or shall erect any building upon, or has occupied or shall occupy, for the purposes of cultivation or otherwise, any land belonging to, or included within, the location of any such railroad, no continuance of such inclosure, building, or length of possession or occupancy of the land belonging to such railroad, so inclosed or occupied, shall create in such adjoining owner or occupant, or in any person claiming under him, any right to the land belonging to such railroad so inclosed or occupied."

the length of user necessary is, by analogy, the same as that required to obtain a title to land by adverse possession, and varies with variations in the statutes of limitations applicable to disseisin; and that therefore, since under the St. of 1861, *c.* 100, the owner of land adjoining a railroad cannot gain a right to land of the railroad company by any length of possession or occupancy, it follows, by analogy, that such owner cannot establish a right of way across the railroad by any length of user.

But, without considering how much force there might be in this argument, if the statute referred to were of more general application, it appears to us that it was passed for another and a more limited purpose. Under other statutes in force at the time when this statute was passed, every railroad corporation was required to file the location of its road with the county commissioners, defining the courses, distances and boundaries thereof, and to furnish a plan of land taken to the owner; but there was no statute requiring railroads to be fenced, except under special circumstances, and in obedience to a positive direction or demand. Gen. Sts. *c.* 63, §§ 18, 40, 43, 45. The St. of 1861 was passed with reference to this state of things, when fences might not be built at all, or, if built, might not be placed on the line of the land taken or bought by the railroad company, and when other adequate means were provided for fixing with certainty and of record the precise limits of such land. Under such circumstances, it was deemed wise not to allow an abutting owner to gain a title by encroaching on the land adjoining his own, and the statute was limited to the particular case provided for. But neither in the letter nor in the spirit of the statute is any intention to be found of cutting off the right to acquire the easement of a right of way across a railroad by twenty years' use; and a thing which is not within the letter or the spirit of a statute is not to be supplied by analogy.

It was further contended by the defendant that the sole remedy of the plaintiff is by application to the county commissioners, under the St. of 1874, *c.* 372, § 105; but, omitting other considerations, that statute only applies to the case of a railroad laid out through land without the consent of the owner. In this case, the owner consented, and gave a deed of the land.

*Exceptions sustained.*