ALBERT GAY & another *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Middlesex.   Jan. 18. — March 31, 1886.   DEVENS & GARDNER, JJ., absent.

Before the St. of 1853, c. 414, § 4, imposing a penalty on any person who, without right, knowingly stands or walks on any railroad track, a private right of way across the location of a railroad could be acquired by prescription.

If the instructions given at the trial of a case are correct in themselves, it is no ground of exception that they are not sufficiently-full, if the excepting party did not ask for more specific instructions.

TORT for the obstruction of an alleged right of way across the defendant's railroad in Newton.   At the trial in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.   The facts appear in the opinion.

*A. L. Soule*, for the defendant.

*R. D. Smith & M. M. Weston*, for the plaintiffs.

W. ALLEN, J.   The land over which the plaintiffs claim a right of way was conveyed to the defendant's predecessor in 1832, after the location of the railroad over it.   There was then a way across it for access from the highway to the remaining land, which had been used for several years, and which continued to be used until 1871 for such purposes.   The deed contained a covenant by the grantor to maintain fences between her land and that conveyed.   The fence was maintained on one side only.   There were bars in the fence in the line of the way, and planks were maintained by the defendant between the rails where the way crossed the railroad.   The plaintiffs claimed a right of way by prescription.   The defendant asked for several rulings, all of which were refused, and which are not insisted on except as

involved in the objection that the action cannot be maintained for reasons stated.

The principal objection is, as stated in the exceptions, "that no right of way by prescription can be gained by an individual or these plaintiffs across a railroad regularly located."

It is not denied that a private way may exist across a railroad. It can hardly be argued that such ways cannot be created by grant. The only statute providing for them is the St. of 1841, c. 125, (Pub. Sts. c. 112, § 113,) under which, since 1841, the county commissioners are authorized, in assessing damages to landowners, to require railroad corporations to construct embankments, drains, culverts, walls, fences, or other structures reasonable for the safety and benefit of the landowners. It has been held that this statute included crossings. *White* v. *Boston & Providence Railroad*, 6 Cush. 420. *Presbrey* v. *Old Colony & Newport Railway*, 103 Mass. 1. This, the only provision by statute for acquiring a private right of way across a railroad, applied and applies only to land the damages for taking which have been assessed since 1841 by the county commissioners. Can this statute be the only means for acquiring such a right? That a landowner, in conveying land for a railroad, may reserve a right of way, which must operate as a grant; that the railroad corporation, when settling with the landowner for damages for land taken, may make a valid agreement to allow or maintain a crossing as one of the terms of settlement; and that a railroad corporation may, to the extent of its interest as owner of the land or holder of the easement and franchise, grant a private right of way over its road, — are propositions which, we believe, have never been questioned, and which are recognized by statutes and decisions. Pub. Sts. c. 112, § 138. *Boston Gas Light Co.* v. *Old Colony & Newport Railway*, 14 Allen, 444. *Eames* v. *Worcester & Nashua Railroad*, 105 Mass. 193.

Prescription is one mode of proving a grant. Twenty years of appropriate user is sufficient to prove the establishment of a public way across a railroad; *Fitchburg Railroad* v. *Page*, 131 Mass. 391; or the grant of a private way. *Fisher* v. *New York & New England Railroad*, 135 Mass. 107.

It is argued for the defendant, that, by the effect of the provisions now contained in the Pub. Sts. c. 112, § 195, which

impose a fine upon " whoever without right knowingly stands or walks on a railroad track," the acquisition of a right of way across a railroad by prescription is rendered impossible. The argument is, that, if the acts of user were adverse, they must have been in violation of the statute ; and that no prescriptive right can be gained by a series of criminal acts. Without discussing either proposition, and without considering the answer suggested, that the statute could not apply to the use of a farm crossing under a claim of right, it is a sufficient answer that it does not appear that there was not twenty years' adverse user before the statute which first contained the provision was enacted. St. 1853, *c.* 414, § 4. There was evidence upon that point which the plaintiffs had a right to submit to the jury.

It is not denied that the instructions in regard to the abandonment of the way by the plaintiffs were correct; it is objected that they were not sufficiently full, and did not instruct the jury as to the effect of particular circumstances which the defendant contended were proved by the evidence. No request was made for such ruling, and the only exception was to the modification of a former ruling, clearly incorrect, given under a misapprehension. We do not think that the defendant can object to the instructions as given.

No question as to a way of necessity was raised at the trial. The exceptions do not contain facts upon which the court can decide, as matter of law, either that the way was a way of necessity,\* or that it was terminated by a sufficient substitute.

*Exceptions overruled.*

---

\* It seems that a right of way by necessity cannot exist across the location of a railroad. See *Presbrey* v. *Old Colony & Newport Railway*, 103 Mass. 1 ; *Old Colony Railroad* v. *Miller*, 125 Mass. 1.