## THOMAS TURNER *vs.* FITCHBURG RAILROAD COMPANY.

Franklin. Sept. 27, 1887. — Jan. 4, 1888. C. ALLEN & HOLMES, JJ.,
absent.

A private right of way across the location of a railroad may be acquired by prescription, notwithstanding the St. of 1853, *c.* 414, § 4, (Pub. Sts. *c.* 112, § 195,) imposing a penalty on any person who, without right, knowingly stands or walks on any railroad track, and the St. of 1874, *c.* 372, § 151, (Pub. Sts. *c.* 112, § 198,) imposing a penalty on a person who, without the consent of the corporation, rides or drives a horse on a railroad.

In an action against a railroad corporation for obstructing a prescriptive right of way across the location of the defendant, it is no defence that, after the way was used, a statute was passed allowing the corporation to relocate its road, and for that purpose, under proper proceedings, to take lands, in the absence of evidence that such proceedings were had.

On the issue whether a right of way by prescription has been acquired over the location of a railroad corporation, an agreed statement of facts stated that the plaintiff and his grantors had used the way openly, adversely, and uninterruptedly for more than twenty years. *Held*, that the court might assume that the defendant had knowledge of the acts of user.

In an action against a railroad corporation for obstructing a right of way claimed to exist by prescription over the defendant's location, the declaration alleged that the defendant erected a fence across the way, and placed upon the way stones, earth, gravel, ties, and iron rails. The case was submitted to the court on agreed facts, which stated that the acts of the defendant declared on were done upon its land "in the construction and maintenance of its railroad, which it was authorized by law to construct and maintain." *Held*, that this was not to be construed to mean that the acts done by the defendant were done as a part of the necessary repair of its road.

TORT. Writ dated December 8, 1886. The declaration alleged that the plaintiff owned two tracts of land in Orange, the first bounded south by land of the defendant, and north by the highway leading from said Orange to Erving, and the second bounded south by Miller's River, and north by land of the defendant; that the south side of the first described tract of land and the north side of the second are bounded by the defendant's land, on which are the roadbed and track of the defendant's railroad; that there was a way leading from the first described tract of land over the land of the defendant to the plaintiff's second lot of land, which the plaintiff had a right to use as a footway and a carriageway; that the defendant erected a fence across

said way, filled it with, and placed upon the same, stones, earth, gravel, ties, and iron rails, so that the plaintiff could not use the same as a carriageway, and only with great difficulty as a footway, and by reason of obstructing his right of way as aforesaid the market value of the plaintiff's second tract of land had been greatly decreased, and the plaintiff had been put to great expense, inconvenience, and damage in cultivating said land and harvesting the crops grown thereon. The answer contained a general denial, and alleged that all the acts committed by the defendant were upon the soil and freehold of the defendant, and upon its roadbed and track, and were such as its charter and the rights obtained thereunder permitted it to do.

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, on agreed facts, in substance as follows:

On January 12, 1849, the tracts of land described in the plaintiff's declaration, and the tract of land between the same, owned by the defendant, over which said right of way is claimed, were owned by one Rodney Hunt of Orange, and formed one continuous tract of land. On said January 12, 1849, said Hunt, by warranty deed, conveyed in fee to the Vermont and Massachusetts Railroad Company the tract of land now lying between the plaintiff's two tracts of land, over which said right of way is claimed. This deed described the land by metes and bounds, and following the description were these words: "The above consideration includes all damage done to my adjoining land in the construction of said railroad by said corporation."

The defendant is now rightfully in possession of said land, through conveyance from the Vermont and Massachusetts Railroad Company, and the same has been occupied and used as a railroad continuously since 1849. On July 31, 1874, the plaintiff became possessed of the two tracts of land described in his declaration by a deed of warranty from one Patrick H. McCushing, the said McCushing holding title under one Howe, to whom said Hunt had granted said tracts, the possession of the said Hunt, Howe, McCushing, and the plaintiff being continuous and without interruption. All of the defendant's acts declared on occurred between July 1, 1880, and July 1, 1885, and were done upon its said described tract of land in the construction and maintenance

of its railroad, which it was authorized by law to construct and maintain.

The second described tract of land is bounded continuously on the north by land of the defendant, as set forth in the declaration, and on the south is bounded continuously by Miller's River, so called, a stream of water varying in width from one hundred to one hundred and fifty feet, and there is no approach to said tract either from the east or west, excepting over the land and track of the defendant. There is no bridge or other means of getting over said river, and the only access had by the plaintiff to and from said described tract of land is over the land of the defendant. The plaintiff does not own any land south of said river, which is separated from the nearest public highway, south, by a tract of land about half a mile wide, mostly covered with an unbroken forest. The plaintiff and his grantors have used said right of way openly, adversely, and uninterruptedly for more than twenty years prior to the acts of the defendant declared on.

*C. F. Perkins & A. M. Lyman*, for the plaintiff.

*G. A. Torrey*, for the defendant.

DEVENS, J. The plaintiff and those under whom he claims have used a right of way "openly, adversely, and uninterruptedly" across the railroad of the defendant for more than twenty years prior to the acts of the defendant declared on. The most important question which the parties have presented is whether, under the statutes as they now exist, a private right of way by prescription can be acquired by an individual over the location of a railroad corporation. That such a right of way may be acquired by reservation, by grant, or by agreement of parties, is well established. *Boston Gas Light Co.* v. *Old Colony & Newport Railway*, 14 Allen, 444. *Gay* v. *Boston & Albany Railroad*, 141 Mass. 407. If such a right might be thus acquired, there would be nothing inconsistent in holding that it might be acquired by prescription, and that twenty years' adverse user would be evidence of a grant thereof. In *Fisher* v. *New York & New England Railroad*, 135 Mass. 107, it was held that the St. of 1861, *c.* 100, (Pub. Sts. *c.* 112, § 215,) which in substance provides that no length of possession or occupancy of land of a railroad corporation by an abutter shall create a right in such land

to the abutter, would not prevent him from acquiring a right to a private way across the railroad by a twenty years' user thereof.

That which the defendant urges as the strongest argument against the plaintiff's having acquired a prescriptive right to cross the railroad track is, that, in order to have done so, he and his grantors must have continuously violated the Pub. Sts. *c.* 112, §§ 195, 198, and that such violations could confer no rights on the violator. Section 195, imposing a penalty on any person, " without right, knowingly," walking or standing on any railroad track, is first found in the St. of 1853, *c.* 414, § 4. Since that time it has been decided that, in the case of a public way, such a right may be acquired by prescription, although the effect of this section of the statute was not discussed. *Fitchburg Railroad* v. *Page,* 131 Mass. 391. There are intimations also, since the St. of 1853, that a private way may be thus acquired. *Gay* v. *Boston & Albany Railroad, ubi supra. Wright* v. *Boston & Albany Railroad,* 142 Mass. 296. *Deerfield* v. *Connecticut River Railroad,* 144 Mass. 325. Section 198 makes it a penal offence to ride or drive a horse, without consent of a railroad corporation, on its road. The defendant contends that, under these sections, rights cannot be acquired by prescription, against another or his property, by acts done in violation of the absolute prohibition of a public statute, that such acts where expressly prohibited are illegal in their inception and continuance, and cannot become lawful, as against individual members of the public, however long they may have been exercised. It is urged that, " when a statute forbids anything to be done, the right to do it is not to be granted or acquired." This contention, apparently drawn from the case of *Brookline* v. *Mackintosh,* 133 Mass. 215, 225, is there applied to a claim of a prescriptive right to defile a stream of water by pouring into it deleterious substances contrary to law, which right it was not in the power of any one to grant. Such an act, for public reasons, was one expressly prohibited to all. The argument has no proper application where the act done is or is not lawful according as it may have been done by right or with the consent of the party claiming to be injured, or as it may have been done against right or without such consent. The acts forbidden by §§ 195, 198, are so only when done without

consent, but they may be permitted by the railroad corporation. The right to maintain a private crossing is also one which the railroad might grant, and to which it could give consent. The acts done in assertion of such a right, or by virtue of such an alleged consent, are not to be treated as originally wrongful, when they have been continued over twenty years, and when the party affected thereby has acquiesced for that length of time.

The defendant further urges, that it is impossible to gain a right of way over a railroad in actual operation, as the land of the railroad would be subject to the easement of the plaintiff, who might make use of it at his own pleasure. The case does not require us to define the exact limits of the right which the plaintiff has acquired. But it does not follow that, even if he has an easement, it is not one which he is compelled to exercise, subject to the superior right of the railroad corporation to run its trains, as it may determine to be proper for the general business of its road. There certainly may be an easement which will permit a way to be used only at particular times or seasons, or for particular purposes. As there may be by grant a right to cross a railroad when the trains of the corporation are not passing, so such a right may be acquired.

It is contended that the defendant has, under the St. of 1874, *c.* 401, a right to take lands for railroad purposes; that "lands" includes rights of way; and that, if the plaintiff's rights are interfered with, his remedy is by application to the county commissioners. This statute gives to the defendant a right to relocate its railroad, and for that purpose, upon proper proceedings, to take other lands than those thus occupied by it; but the case affords no evidence that such proceedings have been had, nor does it appear that the agreed statement of facts was intended to bring any such question before us.

It must be assumed that the defendant had knowledge of the acts of the plaintiff, as they were open and adverse, although such knowledge is not stated, in terms, in the statement of facts. The statement also fails to show precisely what the acts of the defendant were, although it refers to them as those declared on. These are alleged in the declaration to have been the erection of a fence across the way used by the plaintiff, filling and placing

upon it stones, ties, gravel, and iron rails, so as to render it impassable as a carriageway, and with great difficulty as a footway. The statement finds that the acts done by the defendant were done " in the construction and maintenance of its railroad, which it was authorized by law to construct and maintain." If the meaning of this is that the acts done by the defendant were done as a part of the necessary repair of its road, and were appropriate for that purpose, and that interference with the plaintiff's way was necessarily incidental to such repair, there would be strong ground to argue that the plaintiff had, and could acquire, no right which interfered with this, and that such a right of the defendant was necessarily superior to any which the plaintiff could have acquired. But an examination of the whole facts, taken in connection with the arguments submitted,[*] leads us to the conclusion that the obstacle to the plaintiff was a permanent one, that its purpose was simply to deprive the plaintiff of the use of the way, and that it was in no other sense an act done in the maintenance of its road by the defendant.

We have not found it necessary to consider whether the plaintiff was entitled to a way by necessity.

*Judgment affirmed.*

---

[*] The argument of the defendant on this point was as follows : " Even if the plaintiff has succeeded in showing that he was entitled to a right of way across the railroad, he has not shown that the railroad company has unlawfully interfered with the same. The railroad company has a perfect right to use the whole location for railroad purposes, and for constructing the necessary tracks, buildings, and other structures thereon. *Boston Gas Light Co.* v. *Old Colony & Newport Railway*, 14 Allen, 444."