FITCHBURG RAILROAD COMPANY *vs.* SAMUEL T. FROST.

Middlesex.     March 15, 1888. — May 7, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, & HOLMES, JJ.

*Railroad Crossing — Right of Way — Easement — Non-user — Grant — Reservation — Prescription.*

Evidence that a railroad company from 1840, when its road was built, until 1850, maintained and planked a private crossing, that, in an agreement for a relocation of the road made in 1849, the company agreed with the adjoining owner of the fee to keep the crossing in repair " as now required," that a deed made by such owner in 1855 of the right to build over the new location provided that " any rights " of his in the crossing were not to be disturbed, — no planking being put down between 1850 and 1855 or thereafter, — and that such owner from 1840 to 1850 used the crossing for all purposes, and from the latter date till 1887 for foot passage only, will justify a finding, in an action by the company against such owner for removing a fence thereat, that he had a right of way at the crossing for foot purposes by grant, reservation, or prescription.

TORT for removing a fence at the crossing of Vine Street, a private way in Somerville, by the plaintiff's railroad. Trial in the Superior Court, without a jury, before *Pitman*, J., who found for the defendant. The plaintiff alleged exceptions to a refusal of the judge to rule that there was not evidence sufficient to warrant a finding that the defendant had a right of way, as claimed by him, across the railroad at Vine Street. The evidence appears in the opinion.

*G. A. Torrey*, for the plaintiff.

*G. A. Bruce*, (*M. F. Farrell* with him,) for the defendant.

DEVENS, J.   By the original location of the plaintiff's railroad, the defendant's farm was divided into two parts, and over the road as constructed there were in use three crossings, one of which was near certain works known as the Tube Works, and another of which was called Vine Street.   The road was constructed in 1840, and the tracks were removed about three hundred feet farther south in 1850, under an agreement made in 1849, between the plaintiff and the defendant, that the defendant would convey to the plaintiff the right to maintain its road over the more southerly strip of land, " the said company to have the same rights in and to said strip of land as if the railroad of said company had been originally located over the same, and no other."   When thus completed, the strip of land over which the railroad was first located was to be released to the defendant.   Vine Street, which was laid out by the defendant in 1840 as a passageway or private street, extended across the tracks of the railroad as originally located, and also over those of the new location.   At a point where Vine Street crosses the present tracks of the plaintiff, a fence was erected by the plaintiff in 1887, which subsequently was removed by the defendant for the purpose of using his alleged right to cross.   The exceptions raise simply the question whether there was any sufficient evidence that the defendant had a right of way across the plaintiff's railroad at the time of the alleged trespass which would warrant a finding in his favor.

The agreement of 1849 provided that " said company will make and keep in repair forever, for the accommodation of said Frost, the same number of crossings over the railroad to be built in pursuance of the agreement as they are now required to do over the railroad that is to be discontinued."   The deed in pursuance of this agreement was not made until 1855, conveying the locus upon which the new track had been constructed as a strip of land sixty feet in width, which was to be " used for railroad purposes only," and to revert to the defendant if the railroad should be discontinued.   By another clause in the deed, the defendant relinquished his right to the Tube Works crossing ; it being, " however, fully understood that nothing herein

contained shall affect any rights of said Frost to any crossing to which he may be entitled besides the one hereby relinquished, which is situated near the Tube Works." All that the defendant conveyed was an easement by which plaintiff was authorized to construct a railroad over his land, and by the agreement of parties a right of way could be reserved to himself. *Boston Gas Light Co.* v. *Old Colony & Newport Railway*, 14 Allen, 444. *Eames* v. *Worcester & Nashua Railroad*, 105 Mass. 193. *Gay* v. *Boston & Albany Railroad*, 141 Mass. 407.

The argument of the plaintiff is, that by the agreement it was bound to keep in repair for the defendant the same number of crossings which it was then required to do, and that by the deed it is only provided that none of the existing rights of crossing, except that at the Tube Works which was relinquished, should be affected, and that no new rights were granted to the defendant. It is further urged that no evidence was offered of any existing right, and that proof that the defendant had actually crossed the original location for ten years without objection was no evidence of such then existing right. But the proof is much stronger than this. "It was in evidence," we quote from the exceptions, "that, from the construction of the said road in 1840 to the change of location in 1850, the Vine Street crossing had been maintained and planked by the railroad company." When it is shown that for ten years the plaintiff had itself maintained and planked a way over its road for the accommodation of Vine Street solely, so far as the evidence shows, — when the defendant had crossed there under a claim of right, — and when these facts are coupled with a reference to the defendant's rights of crossing in the agreement and deed, — there is sufficient evidence to sustain a finding that the defendant had there a right of way which had been previously granted or reserved to him. Nor do we perceive, because in the five years that intervened between 1850 and 1855, when the deed was given, there was no planking on the Vine Street crossing over the new tracks, that this conclusively shows, as the plaintiff contends, that there was no legal right to cross at this point when the deed was given.

The plaintiff further contends, that, if the defendant had a right to cross at the place in controversy, such right has been

lost by non-user and the failure to claim the same from 1850 to
1887 ; the defendant never having crossed since 1850 except on
foot, and there being no preparation by planking which would
have enabled him to use the crossing for teams.    It is not
important now to consider whether there is evidence that the
defendant still preserves his right to use the crossing with
teams.    He has continued to use the Vine Street crossing on
foot, and if he has lost by non-user a larger right which in-
cludes it, this cannot operate to deprive him of that which he
has constantly asserted.    It is, however, to be observed, that an
easement acquired by grant is not ordinarily lost by non-user
for twenty years or more, unless there has been a possession
and use of the servient estate clearly inconsistent with and
adverse to the easement.    There certainly was no such posses-
sion and use so far as the right to cross on foot is concerned;
and the fact that during these years the planking was not pro-
vided which was requisite for the passage of teams did not make
a use inconsistent with this easement.

Again, upon the ground of prescription, the presiding judge
was justified in finding that the defendant had acquired a right
of way.    While this presents a somewhat different question
from that whether there was any express grant or reservation
shown, the circumstances under which the agreement or deeds
were made in connection with which the defendant asserted the
right to cross are to be considered.    Even if all that the de-
fendant now claims is the right to cross on foot, the facts that
there were preparations for his crossing by teams over the
original track, and that the agreement and the deed recognized
rights of crossing, are not without significance.    That a right
of way may be acquired by prescription to cross a railroad has
been so recently decided that it would not be worth while
to repeat the discussion.    *Turner* v. *Fitchburg Railroad*, 145
Mass. 433.

The plaintiff urges that the evidence shows that the crossing
on foot by the defendant, as well as all the other crossing by
pedestrians, was permissive only; that it simply continued with-
out objection from the time of the construction of the new tracks
until the year 1887, when the plaintiff endeavored to check the
annoyance by the erection of a fence; and that until that time

it could not be deemed adverse. Much more than a succession of casual and irregular trespasses is, however, shown by the defendant. His use began over the original track by a crossing prepared and maintained by the plaintiff, and the agreement and deed contemplate that he has rights of crossing over the original track, which are to continue over the new. " From 1840 to 1887," says the bill of exceptions, " the defendant had exercised the right of crossing said tracks over Vine Street under a claim of right for all purposes, without objection or interference by the plaintiff, but since the change in the location of the railroad had never crossed except on foot." These facts, of which the plaintiff could not have been ignorant, would justify a finding that a right of way, so far as crossing on foot was concerned, had been acquired by prescription.                    *Exceptions overruled.*