UNITED STATES v. STONE et al.

(Circuit Court of Appeals, Seventh Circuit. May 2, 1911.)

No. 1,766.

1. COURTS (§ 407*)—ORDERS APPEALABLE—TEMPORARY INJUNCTION.

Receivers of different federal districts having obtained funds misappropriated by a federal disbursing officer, in a suit by the United States to recover the same, an order directing that such receivers retain possession of the moneys and properties in their hands until further order of the court was in effect a temporary injunction, restraining the law officers of the government from taking the funds out of the hands of the receiver of the foreign district, and as such was appealable under the statute allowing appeals from temporary injunctions.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1100; Dec. Dig. § 407.*

Orders, decrees, and judgments reviewable in Circuit Court of Appeals, see notes to Salmon v. Mills, 13 C. C. A. 374; Taylor v. Breese, 90 C. C. A. 566.]

---

2. STIPULATIONS (§ 14*)—CONSTRUCTION—EFFECT—"CHIEF COUNSEL."

Pending a suit by the United States against a disbursing officer to recover misappropriations, it was stipulated that, in consideration of a payment to a receiver of all money and property which the defendants had not conveyed or disbursed, to bona fide purchasers and were able to pay over, there should be paid, from the property so surrendered, fees of the receiver, the fees, traveling, and other expenses of defendants' chief counsel and of his attorney, the amount to be fixed and allowed by the court, the fee of his attorney for representing him in any criminal prosecution, expenses of an accountant, etc. *Held* that, under such stipulation, a reasonable allowance for defendants' chief counsel, both on an appeal to the Circuit Court of Appeals and to the Supreme Court of the United States, together with their expenses therein, should be allowed out of the fund, and that two attorneys appearing and prosecuting the appeal to the Circuit Court of Appeals and two other attorneys appearing and prosecuting the appeal to the Supreme Court of the United States should be considered as "chief counsel," within the stipulation.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

3. APPEAL AND ERROR (§ 442*)—JURISDICTION OF TRIAL COURT.

Where, pending a suit by the United States to recover misappropriated funds from a federal disbursing officer, it was stipulated that, in consideration of a large part of the money being returned to a receiver, the fees and expenses of the defendants' counsel in litigation should be paid out of the fund, the fact that appeals were taken by defendants to the Circuit Court of Appeals and to the Supreme Court from a judgment in favor of the United States, which was affirmed. did not deprive the Circuit Court of jurisdiction to make allowances thereafter out of the fund in accordance with the stipulation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2203; Dec. Dig. § 442.*]

4. STIPULATIONS (§ 14*)—CONSTRUCTION—SERVICES—ALLOWANCES.

Where, in an action by the United States against a federal disbursing officer to recover misappropriated funds, it was stipulated that, in consideration of a payment of a portion of the funds to receivers, if, before the final determination of the cause, defendant should be liberated from prison, he should be allowed his reasonable personal expenses incurred in the trial, including the taking of evidence, but with no compensation for his time, such expenses to be determined by the court and paid out of the moneys in court, the defendant, after having been released, and after judgment in the action in favor of the United States, was not entitled to an allowance for services rendered in assisting the courts and counsel, nor for traveling or living expenses.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Action by the United States against Oberlin M. Carter and others to recover property belonging to the United States, misappropriated and embezzled by defendant as a disbursing officer of the United States in the furtherance of certain public improvements under contracts between the United States and John F. Gaynor, Benjamin D. Green, and the Atlantic Contracting Company, in which a receiver was appointed and funds recovered to the extent of $8,000 in the Northern district of Illinois and $200,000 in the Southern district of West Virginia. Pending this suit, an agreement was entered into between the United States and the defendants, bv which, in consider-

ation of the defendants paying over to the receivers the proceeds of said misapplied assets which had not been otherwise disposed of to bona fide purchasers, so as to have passed beyond the defendants' control, the expenses of the defense of the action, together with counsel and attorney's fees, etc., should be paid out of the moneys so paid to the receivers. For a copy of the part of the contract in question, see 30 Sup. Ct. 525. The right of the United States to the funds having been sustained on appeal to the Circuit Court of Appeals (172 Fed. 1, 96 C. C. A. 587), and on a further appeal to the Supreme Court (217 U. S. 286, 30 Sup. Ct. 515, 54 L. Ed. 769), Horace G. Stone, Nathaniel C. Sears, John B. Daish, and Oberlin M. Carter applied for allowances for attorney's fees and expenses out of the fund, and for an order directing the receiver in the Southern district of West Virginia and in the Northern district of Illinois to retain possession of the properties in their hands until further order of the court. From an order granting the petitions, the United States appeals. Modified and affirmed.

Edwin W. Sims, U. S. Atty., and Marion Erwin, for the United States.

Horace G. Stone, John B. Daish, and Nathaniel C. Sears, for appellees.

Before GROSSCUP and BAKER, Circuit Judges, and SANBORN, District Judge.

PER CURIAM. [1] The appeal is from an order entered upon the petitions of Stone, Sears, Daish, and Carter, ordering the receiver in the Southern district of West Virginia and in the Northern district of Illinois to "retain possession of the respective moneys and properties in their hands until the further order of the court." The sum in this district is about $8,000, and in the district of West Virginia about $200,000. The effect of the order, so far as the district of West Virginia is concerned, is to restrain the law officers of the government from taking that fund out of the hands of the West Virginia receiver. We regard it as a temporary injunction within the meaning of the statute allowing appeals from temporary injunctions.

The petition of Stone is for allowance out of the fund for services in the Circuit Court of Appeals under the stipulation of November 6, 1901. The petition of Sears is for a like allowance. The petition of Daish is for a like allowance on the appeal to the Supreme Court of the United States, together with traveling expenses and other expenses connected therewith—the latter $1,641.53; and the petitions of Carter are for a like allowance on behalf of Senator Foraker and John B. Daish in the Supreme Court of the United States, for an allowance of $150 a month to himself pending such appeals in the Circuit Court of Appeals and the Supreme Court, and for the payment of printing and typewriting.

[2] The stipulation of November 6, 1901, in our judgment, covers a reasonable allowance for the chief counsel of Carter, both in the Circuit Court of Appeals and in the Supreme Court of the United States, together with their expenses therein. We think it within a fair

interpretation of that stipulation, also, that both Sears and Stone may be regarded as chief counsel in the Circuit Court of Appeals, and Foraker and Daish as chief counsel in the Supreme Court.

[3] We are of the opinion, also, that there is nothing in the decree of the Circuit Court of Appeals or of the Supreme Court, or their mandates, that takes away from the Circuit Court jurisdiction to make these allowances against the fund either in its own possession or under its control. [4] We do not think that the stipulation extends to Carter, either for further allowances for time or for the expenses set forth in his petition. But Katherine Downing and the Gunthorp-Warren Printing Company may file independent petitions.

But the money and securities arrested are wholly in excess of any amount needed for these purposes. Keeping in mind that Stone's preparations for the Circuit Court of Appeals were all substantially made during the time covered by the allowances already made him, we do not see why an allowance of over $5,000 to chief counsel in the Circuit Court of Appeals would be justifiable, and it seems to us that $10,000 would be a sufficient sum for counsel in the Supreme Court.

The order is therefore modified, limiting the total sum of retention of funds to the sum of $20,000, and, thus modified, is affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes