WILLIAM O. WEIHE, Appellant, vs. JOHN LORENZ,
Appellee.

*Opinion filed April 18, 1912.*

1. DEEDS—*rule where deed describes only one of several tracts conveyed by former deed.*  Where a deed conveys two or more tracts of land by separate descriptions, a subsequent deed or mortgage which describes but one of such tracts will convey only that tract even though the·instrument recites that it is the same land conveyed by the former deed, and in such case the title to the tract or tracts undescribed is not affected by the conveyance.

2. SAME—*when deed conveys the fee and not a mere easement.* A deed conveying a certain tract of land by metes and bounds, following which description is the recital, "I also give ten feet wide adjoining on the south of this tract, or the strip between this tract and the alley I gave in my deed of September 3, 1881, to John Lorenz, for alley purposes," conveys the fee of the strip to the grantee even though the words "for alley purposes" be construed as referring to such strip, and in such case the grantor has no interest remaining therein which he can convey to another.

APPEAL from the Circuit Court of Washington county; the Hon. A. D. RODENBERG, Judge, presiding.

JAMES A. WATTS, for appellant.

VERNOR & VERNOR, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from a judgment in favor of the defendant in an action of ejectment. The premises in controversy are a part of lot 7, in section 24, town 2, south, range 3, west, in Washington county. That lot was 232 feet wide north and south and 580 feet long east and west, and was owned prior to September 3, 1881, by John Huegely. On that day he conveyed to the appellee, John Lorenz, a part of the lot, thus described: "Beginning at the south-west corner of lot 7, in section 24, town 2, south, range 3, west; thence north along Kaskaskia street 106 feet; thence east

163 feet; thence south 106 feet; thence along the street 163 feet to the place of beginning; and also give 10 feet adjoining on the north of said tract for alley purposes."

On September 18, 1883, Huegely conveyed to Henry Altmansberger a part of the lot, described as follows: "Beginning at the north-west corner of said lot 7; thence south on the east line of Kaskaskia street 106 feet; thence east parallel with the north line of said lot 7 163 feet; thence north parallel with Kaskaskia street 106 feet; thence west on the south line of Third street, between said lot 7 and Burns Bros.' addition, to the place of beginning, 163 feet. I also give ten feet wide adjoining on the south of this tract, or the strip between this tract and the alley I gave in my deed of September 3, 1881, to John Lorenz, for alley purposes."

Altmansberger, on November 26, 1883, executed a mortgage on the following described real estate: "Part of lot 7, in section 24, in township 2, south, range 3, west of the third principal meridian, beginning at the north-west corner of said lot 7; thence south on the east line of Kaskaskia street 106 feet; thence east parallel with the north line of said lot 7 163 feet; thence north parallel with Kaskaskia street 106 feet; thence west on the south line of Third street, between said lot 7 and Burns Bros.' addition, to the place of beginning, 163 feet,—being the same land conveyed to Henry Altmansberger by John Huegely and wife by warranty deed dated September 18, 1883, and recorded in book 71, page 75, of the records of Washington county, Illinois." This mortgage was foreclosed, and the appellant, William O. Weihe, has succeeded to the title conveyed by it. On August 18, 1910, Huegely executed to the appellant a quit-claim deed for part of lot 7, describing the same as in the first tract mentioned in his deed of September 18, 1883, to Altmansberger, except that it was 124 feet wide instead of 106 feet.

The premises for the recovery of which this action is brought are described in the declaration as follows: "Beginning at a point in the east line of Kaskaskia street, in the city of Nashville, Illinois, 397 feet north of the southwest corner of John Huegely's addition to the city of Nashville, Illinois, and running thence east 163 feet; thence north 10 feet; thence west 163 feet; thence south to the place of beginning,—being the 10 feet of ground immediately north and adjoining the 10 feet of ground over which an alleyway was given to John Lorenz by deed from John Huegely, dated September 3, 1881, recorded in book 66, page 70, records of Washington county, Illinois." The evidence shows that the point in the east line of Kaskaskia street 397 feet north of the south-west corner of John Huegely's addition is 116 feet north of the south-west corner of lot 7.

The appellant failed to show any title to the premises claimed, and it will therefore be unnecessary to consider any other question. Huegely conveyed the premises by his deed to Altmansberger. The latter omitted them from his mortgage. It is true that the description in the mortgage is followed by the words, "being the same land conveyed to Henry Altmansberger by John Huegely and wife by warranty deed," etc.; but that deed described two tracts while the mortgage described but one, and the effect of the words added was only to identify the tract described as being that mentioned in the deed, and not to enlarge the premises conveyed by the addition of another tract not previously described. The title, therefore, remained in Altmansberger, and as Huegely had already conveyed it, his subsequent deed to the appellant was of no effect.

The appellant insists that the added clause makes the whole description in the deed referred to, a part of the mortgage. We do not agree with this position. Where a deed conveys several tracts of land by different descrip-

tions, a subsequent deed which describes only one of the tracts, adding that it is the same land conveyed by the prior deed, conveys only the tract described and not the other tracts. The reference, in such case, must be held to be made for the purpose of avoiding the effect of any inadvertent mistake which may have been made in the description of the particular tract.

It is also urged that Huegely's deed conveyed to Altmansberger only an easement appurtenant to the larger tract; that this easement passed to the appellant by the conveyance of the latter tract, and that the fee retained by Huegely passed to the appellant by Huegely's subsequent deed to him. The deed conveyed the fee to Altmansberger. Even if the words "for alley purposes" refer to the conveyance to Altmansberger and not to that to Lorenz, they do not limit the estate granted. *Supervisors of Warren County* v. *Patterson,* 56 Ill. 111; *Downen* v. *Rayburn,* 214 id. 342.                    *Judgment affirmed.*