**In re GEESEY GENERAL CONTRAC-TORS, INC., formerly Geesey Masonry Contractors, Inc., Bankrupt.**

**GEESEY GENERAL CONTRACTORS, INC., formerly known as Geesey Masonry Contractors, Plaintiff,**

**v.**

**CENTRAL AND WESTERN CHESTER COUNTY INDUSTRIAL DEVELOP-MENT AUTHORITY, National Bank & Trust Co. of Kennett Square, Jefferson Bank, Hajoca Corporation, Shirley A. Geesey, Defendants.**

**Bankruptcy No. 79–1185EG.**

**United States Bankruptcy Court, E. D. Pennsylvania.**

**Aug. 15, 1980.**

Milton P. King, Philadelphia, Pa., for bankrupt and Shirley Geesey.

Kenneth H. Howard, Lancaster, Pa., for trustee.

Pace Reich, Cohen, Pincus, Verlin, Hahn, Reich & Sherzer, Philadelphia, Pa., for Nat. Bank & Trust Co. of Kennett Square, defendant.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether we have summary jurisdiction to authorize the trustee to sell, free and clear of liens, certain realty in which the bankrupt estate claims an equitable interest where there has been a timely objection to our jurisdiction by one who also claims an equitable interest in the property and where it appears that the bankrupt was never in possession of that property. We conclude that we do not have summary jurisdiction to authorize the sale of that property because it is not in the actual or constructive possession of this court.

The parties have stipulated to the facts of this case which are as follows:[1] On April 13, 1977, Carl W. and Shirley A. Geesey conveyed to Central and Western Chester County Industrial Development Authority ("the Authority"), for a purported consideration of $24,000,[2] a tract of land which they owned by the entireties in the Borough of Parkesburg, known as the Rental Office Building. On that same day the Authority obtained another tract of land, located in Sadsbury Township and known as the Industrial Tract, apparently for a consideration of $140,000.[3] To obtain the funds to pay for those two properties, the Authority borrowed $164,000 from the National Bank and Trust Company of Kennett Square ("the Bank"), executing a mortgage on the two properties. Carl and Shirley Geesey also executed an agreement by which they personally guaranteed the loan from the Bank to the Authority. On that same day the Authority entered into an installment sales contract with Geesey General Contractors, Inc. ("the bankrupt") wherein the Authority agreed to convey its interest in the above two properties to the bankrupt for the price of $164,000 in accordance with the terms of that contract. The Authority assigned its interest in that installment sales contract to the Bank as further collateral for its loan.

On June 27, 1979, the bankrupt filed its petition in bankruptcy listing both the Rental Office Building and the Industrial Tract as realty in which the bankrupt had an interest. The bankrupt's schedules also indicated that there was currently owing to the Bank the sum of $150,063.40 as a result of the transaction with the Authority and that the debt was secured by the above two properties, title to which was held by the Authority. On September 12, 1979, the bankrupt filed amended schedules which deleted all reference to the Rental Office Building.

On September 18, 1979, Dennis J. Ward was elected trustee of the bankrupt and, within the time set by the court, the trustee assumed the installment sales contract between the bankrupt and the Authority. On February 15, 1980, the court-appointed appraiser filed appraisals stating that the fair market value of the Industrial Tract was presently $165,000 and the fair market value of the Rental Office Building was $74,000. On February 27 the trustee filed two separate complaints seeking leave to sell each of the properties free and clear of all liens, and alleging that the only non-avoidable lien against the two properties is that held by the Bank in the approximate amount of $168,000.

On March 21, 1980, Shirley Geesey[4] filed a motion to dismiss the complaint dealing with the Rental Office Building asserting that the bankruptcy court is without summary jurisdiction to authorize the sale. Mrs. Geesey asserted that the bankrupt had no title to that property—that the equitable title was in her and not in the bankrupt, because the property had been conveyed to the Authority by the Geeseys only to serve as additional security for the loan with which the Authority bought the Industrial Tract. In support of her motion, Mrs. Geesey submitted two letters from officers of the Authority and the Bank admitting that that was the purpose of the conveyance of the Rental Office Building. Mrs. Geesey also submitted an affidavit in which she stated under oath that the Rental Office Building was not in the possession of the bankrupt and had never been in its possession. Rather, she stated that the Rental Office Building was presently in the possession of the County of Chester as tenant

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. The deed of conveyance from Carl and Shirley Geesey, attached as Exhibit "A" to the stipulation of facts, states that the consideration therefor was $24,000.

3. The Industrial Tract was bought from Joseph P. McGrail. The deed of conveyance, attached as Exhibit "B" to the stipulation of facts, states that the consideration therefor was $140,000.

4. Carl Geesey died on February 3, 1979. Shirley Geesey thereupon succeeded to his interest in their entireties property including their interest, if any, in the Rental Office Building.

under a lease dated July 1, 1977, in which Carl and Shirley Geesey are named as the landlords.

At the hearing held on this matter, the trustee contended that, even if Mrs. Geesey's assertions about the purpose of the conveyance were true, the equitable title to the property was in the bankrupt by virtue of the installment sales contract, there being no agreement by the Authority or the bankrupt to convey that property back to the Geeseys at any time. The Bank also appeared, through counsel, at the hearing and objected to the sale of the Industrial Tract if the Rental Office Building was not also sold. The basis of the Bank's objection was that the value of the Industrial Tract alone was not enough to cover the costs of the sale and its mortgage in full.

 We conclude that on the facts of this case we are without summary jurisdiction to authorize the sale by the trustee of the Rental Office Building. In order for the bankruptcy court to have summary jurisdiction over a controversy concerning the title to property, that property must be in the actual or constructive possession of the bankruptcy court.[5] Where, however, a controversy involves property in the actual or constructive possession of a third party, asserting a bona fide adverse claim, the bankruptcy court has no jurisdiction to determine summarily that party's title without his consent.[6] As the United States Court of Appeals for the Eighth Circuit stated in *Magnolia Petroleum Co. v. Thompson*:[7]

> It is now settled that the bankruptcy court has power in a summary proceeding to adjudicate, without consent, controversies concerning the title to property the physical possession of which is in the actual or constructive possession of the trustee, and with consent of the adverse claimants, the title to property not in the possession of the trustee; but the court is without power to adjudicate adversary claims to the title to property, without consent, not in the actual or constructive possession of the trustee.[8]

In the case at bench, the property in controversy, the Rental Office Building, is not in the possession of the trustee and, therefore, is not in the possession of this court. Instead, the property is in the possession of the tenant of one who claims the equitable title to that property. The affidavit and letters produced by Mrs. Geesey, as well as the stipulated facts, demonstrate that Mrs. Geesey's equitable claim to the property is more than merely colorable.[9] Further, since Mrs. Geesey made a timely objection to the summary jurisdiction of this court, there obviously has been no consent.[10] Therefore, we are without jurisdiction to decide whether the bankrupt estate or Mrs. Geesey has the equitable title to the Rental Office Building. That question will have to be decided in a plenary suit[11] and, until that time, we cannot authorize a sale by the trustee of the property. Consequently, lacking summary jurisdiction, we will dismiss the complaint of the trustee to sell the Rental Office Building.

---

5. *See* 2 Collier on Bankruptcy ¶ 23.04[2] (14th ed.) and cases cited therein.

6. *Id.*

7. 106 F.2d 217 (8th Cir. 1939), *rev'd on other grounds, Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 60 S.Ct. 180, 84 L.Ed. 513 (1940).

8. 106 F.2d at 222.

9. *See* 2 Collier on Bankruptcy ¶ 23.06 (14th ed.)

10. *See id.* at ¶ 23.08.

11. *See id.* at ¶ 23.02 & ¶ 23.12–¶ 23.16.